**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

MATTHEW ROPER,
Plaintiff,

v.

FORD MOTOR COMPANY,
Defendant.

Case No.: 3:25-cv-01254-RBM-GC

**ORDER DISMISSING CASE WITHOUT PREJUDICE**

This case was removed from state court on May 15, 2025. (Doc. 1.) Magistrate Judge Crawford set an Early Neutral Evaluation ("ENE") for July 2, 2025. (Doc. 4.) But on June 26, 2025, Judge Crawford vacated the ENE and issued an Order to Show Cause ("OSC") because Plaintiff failed to comply with the Court's pre-ENE procedures. (Doc. 9.) After Plaintiff and Plaintiff's counsel responded to the OSC (*see* Docs. 11–14), Judge Crawford ordered Plaintiff's attorney Tionna Carvalho to "pay a sanction of $750 to Miscellaneous Fines, Penalties, and Forfeitures, Not Otherwise Classified, Fund of the United States Treasury." (Doc. 17 at 6–7.)

Judge Crawford then held the ENE and issued a Rule 16 Scheduling Order. (Docs. 15–16.) Relevant here, the Scheduling Order set August 27, 2026 as the deadline for counsel to file Memoranda of Contentions of Fact and Law, and September 17, 2026 as the deadline for the Parties to lodge the Proposed Final Pretrial Conference Order with

Judge Montenegro's chambers. (Doc. 16 at 5.) The Final Pretrial Conference was set for September 24, 2026 at 1:30 p.m. (*Id.* at 6.)

On September 21, 2026, because the Parties had not filed their Memoranda of Contentions of Fact and Law or lodged their Proposed Final Pretrial Conference Order, the Court vacated the Final Pretrial Conference and ordered the Parties to show cause regarding their failures to comply with the Scheduling Order. (Doc. 30 at 1–2.) Defense counsel filed a declaration taking accountability for missing deadlines and explaining his attempts to reach Plaintiff's counsel. (*See* Doc. 31 [Decl. of Brian C. Vanderhoof].) The Court then issued a further Order to Show Cause regarding Plaintiff's failure to do so. (Doc. 32.) Plaintiff's counsel then filed a declaration taking accountability for missing deadlines and explaining that the Parties are now "engaged in informal settlement communications" and in discussions regarding pretrial matters. (Doc. 33 [Decl. of Larry Chae] ¶¶ 3–6.) On October 9, 2026, the Court ordered the Parties to file a Joint Status Report setting forth (1) progress the Parties have made toward settlement and (2) the Parties' positions regarding dates for a new Scheduling Order. (Doc. 34 at 1–2.) The Joint Status Report was due on or before October 19, 2026. (*Id.* at 2.) As of November 18, 2026, the required Joint Status Report has not been filed.

A district court may dismiss a plaintiff's action for his failure to prosecute or his failure to comply with court orders. *See* Fed. R. Civ. P. 41(b); *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992). Before dismissing the action under Rule 41(b), courts must consider:

> (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits.

*Pagtalunan*, 291 F.3d at 642.

These factors favor dismissal. The Court identified deficiencies in the Parties' pretrial filings over two months ago and, in that time, has been forced to spend time monitoring the Parties' submissions for (non)compliance. Plaintiff failed to respond at all

to the Court's first Order to Show Cause. The Court's second Order to Show Cause, targeting Plaintiff's non-compliance with the first Order to Show Cause, specifically cautioned that further noncompliance "may, without further warning, result in this action being dismissed for failure to prosecute and failure to comply with Court Orders." (Doc. 32 (citing Fed. R. Civ. P. 41 and *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986)).) Then, shortly after the Court discharged its Orders to Show Cause, the Parties again missed a Court-ordered deadline.

Considering this record, the first, second, and fourth factors heavily weigh in favor of dismissal. *See Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999) ("As we have indicated before, the public's interest in expeditious resolution of litigation always favors dismissal."); *Pagtalunan*, 291 F.3d at 642 ("It is incumbent upon the Court to manage its docket without being subject to routine noncompliance."). Here, it appears that neither monetary sanctions issued by Judge Crawford (*see* Doc. 17) nor repeated admonishments and warnings by the undersigned have inspired compliance with the Court's Orders (*see* Docs. 30, 32, 34).

As to the fifth factor, the public policy favoring disposition on the merits does not weigh against dismissal where the plaintiff's "conduct impedes progress in that direction." *In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 460 F.3d 1217, 1228 (9th Cir. 2006). The Court does not find that the third factor significantly cuts either way in the dismissal calculus. Therefore, the factors here weigh in favor of dismissal.

For the reasons above, the Court finds it appropriate to dismiss this action for Plaintiff's failures to prosecute and to comply with the Court's orders. *See Alonso-Prieto v. Pierce*, 631 F. App'x 482, 482 (9th Cir. 2016) (affirming a district court's dismissal of a case "for failure to prosecute in light of [the plaintiff's] failure to file a pretrial statement, even after the district court warned him that his action would be dismissed with prejudice if he did not file a pretrial statement"); *Bowen v. Wellman*, Case No.: EDCV 13-00145-CJC(Ex), 2016 WL 11755163, at *1 (C.D. Cal. June 27, 2016) (noting that the action was dismissed for "failure to prosecute, failure to appear at the pretrial conference, and failure

to comply with the Court's orders regarding pretrial filings"). The Court **DISMISSES without prejudice** this action. The Clerk of Court is directed to **CLOSE** the case.

**IT IS SO ORDERED**.

DATE: November 23, 2026

HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES DISTRICT JUDGE